State *v.* Sweetsir.

———◆———

## STATE *versus* GEORGE W. SWEETSIR.

By R. S., c. 124, § 4, an indictment for polygamy *may* be found and tried in the county where the offender resides, or where he is apprehended.

This statute is not in derogation of the common law; but only enlarges the jurisdiction, *may* being permissive and not mandatory.

In pleading, judgment will be rendered against the party committing the first error.

Hence where the respondent demurred to a replication to a plea in abatement to an indictment, judgment will be rendered against the respondent if the plea and replication are both bad.

A plea in abatement to an indictment for polygamy, alleging that "at the time of the finding of said indictment, the said respondent did not reside nor was he apprehended in the" county where the indictment was found, "but that he then and for a long time before resided in B.," in a county other than that in which the indictment was found, and was apprehended at said B., is bad.

State *v.* Sweetsir.

A replication, traversing the facts alleged in a plea in abatement, should tender an issue to the country; if it conclude with an offer to verify and prays judgment, it will be adjudged bad.

ON EXCEPTIONS from *Nisi Prius*, DANFORTH, J., presiding.

The presiding Judge overruled the demurrer, and the respondent alleged exceptions. The remaining facts appear in the opinion.

*Libbey*, in support of the exceptions.

*J. A. Peters, Attorney General, contra.*

DICKERSON, J. — Indictment for polygamy. The indictment was found, and the offence alleged to have been committed in the county of Kennebec. The respondent filed a plea in abatement to the jurisdiction of the Court, alleging that, at the time of the finding of the indictment, he resided in Biddeford in the county of York, and that he was apprehended in said town.

The attorney for the State filed a replication to the plea in abatement, traversing the facts set forth therein, and concluding with an offer to verify the same, and praying judgment, and that the respondent might be held to answer to the indictment. To this replication the respondent demurred, but the Court overruled the demurrer, and the respondent excepted.

It was optional with the attorney for the State to demur to the plea, or file a replication. In the one case the issue would be one of law for the Court, and in the other one of fact for the jury. Having elected to traverse the facts alleged in the plea in abatement, the attorney for the State should have tendered an issue to the country. The question of fact was exclusively for the jury; there was no question of law raised by the pleadings for the Court to pass upon until after the jury had settled the facts. The conclusion of the replication is in the form appropriate for the conclusion to a demurrer. It calls for the judgment of the Court upon an issue of fact which it is the province of the

State *v.* Sweetsir.

jury alone to determine. There was no issue tendered to the country. The respondent could not properly join the issue tendered.

But in looking into the plea in abatement, it is found not to contain sufficient ground for abating the indictment, if the facts alleged therein are true. The attorney for the State was not called upon to file a replication to the plea in abatement, but might safely have demurred to it. R. S., c. 124, § 4, provides that "the indictment for such offence *may* be found and tried in the county where the offender resides, or where he is apprehended." This provision of the statute is *permissive* and not *mandatory;* it is not in derogation of the common law right of indictment and trial in the county where the offence is committed, but rather an enlargement of the jurisdiction of the Court. There is no intimation in the statute of any purpose to annul the requirement of the common law in this respect. On the contrary, the use of "*may*" instead of "*must*" or "*shall*" implies an intention, not to deprive the Court of its existing jurisdiction, but to give it enlarged powers over the same subject matter. In construing statutes, *may* is sometimes held to mean *shall,* but this is done only when it is the obvious meaning of the statute to command and not simply to permit a particular thing, or to exclude other rights or remedies, and not to grant additional ones to those already existing. The plea was therefore bad, and judgment must be awarded against the party who committed the first error in pleading.

*Exceptions overruled.*

*Plea and replication bad;* —

*Respondeas ouster.*

APPLETON, C. J., KENT, WALTON, BARROWS and DAN-FORTH, JJ., concurred.