[No. 1969]
## Ex Parte HOSE

1. Extradition—Description of Offense—Warrant.

Where a certified copy of an original information on which extradition proceedings in the demanding state were based, was attached to the requisition, and charged ·petitioner with having separated himself from his wife and minor child, they being destitute and dependent wholly upon their earnings for adequate support, contrary to the statute, etc., and throughout the papers such offense was designated as "desertion," and was made a misdemeanor by the Pennsylvania act of March 13, 1903 (P. L. 26), a warrant for the arrest and return of petitioner to answer for the crime of "desertion" was not objectionable as failing to set out an offense known to the laws of the demanding state.

Original proceeding.    Application of William J. Hose for a writ of *habeas corpus*.    **Writ denied.**

The facts sufficiently appear in the opinion.

*P. A. McCarran*, for Petitioner:

The return of respondent sets forth the form of the warrant by reason of which the appellant is detained, restrained and deprived of his liberty.    The petitioner in this instance relies upon a fatal defect in the warrant for his release from custody at this hearing.    It is a well-settled rule of law that a warrant of arrest, charging acts on the part of the accused which do not amount to an offense, is a nullity.    (22 Ency. Pl. & Pr. 1081; *Garcia* v. *Sanders*, 25 S. W. 52; *Sheldon* v. *Hills*, 33 Mich. 171; *Beard* v. *Householder*, 32 Pac. 168; *Coffin* v. *Verila*, 8 Tex. Civ. App. 417; *Crammer* v. *Lott*, 50 Pac. 495.)

The warrant of arrest must state the facts. (*Drunnan* v. *People*, 10 Mich. 169; Vorhees on Arrest, p. 18.)

In this case the warrant under which the relator is arrested, as appears from the original warrant as made by respondent, does not state the name or nature of any crime by title or designation.    There is but one word in the warrant which could, under any construction, be held to refer to an offense, and that is the word "desertion."  Is desertion a crime?  Must there not be a something or a somebody deserted in order to constitute a crime against

the State of Pennsylvania, or any other state? The crime under the Pennsylvania statute is the desertion of dependent children, or the desertion of a destitute or dependent wife. Therefore, the crime is child desertion or wife desertion, and unless the designating term is applied to the word "desertion," there is no crime indicated, and hence, as in the warrant, no crime is charged, either by inference or otherwise.

We therefore submit that the warrant is insufficient, and that the relator should be discharged.

*Cleveland H. Baker*, Attorney-General, and *James R. Judge*, Deputy Attorney-General, for Respondent:

There is no attempt made in this case to attack the complaint or the wording thereof, but the attack is made upon the executive warrant issued by the chief executive of this state for the reason that the said executive warrant sets forth in part, "alleging that one William J. Hose stands charged with the crime of desertion, which said crime, counsel for relator affirms, is no crime under the laws of Pennsylvania, the demanding state.

The warrant of the executive who surrenders a fugitive must show that the requirements of the law have been complied with, viz: That the person to be surrendered has been charged with crime and is demanded as a fugitive from justice, and that the requisition was accompanied by a copy of an indictment or an affidavit made before a committing magistrate and certified to be authentic. (19 Cyc. 92.)

We maintain that the executive warrant complies in every respect with the requirements of law for a valid executive warrant and strictly comports with the law of Pennsylvania designating "desertion" as an offense punishable under the laws of that commonwealth.

"There is no form fixed or language prescribed for the warrant issued by the executive for the arrest of a fugitive." (19 Cyc., p. 93, sec. 5; *Com.* v. *Hare*, 9 Gray, 269; *Ex Parte Swearingen*, 13 S. C. 74; *Ex Parte Stanley*, 25 Tex. App. 372; *Ex Parte Dawson*, 83 Fed. 306.)

"And the warrant will not be invalid because it has technical faults which do not materially affect its clearness or purport." (19 Cyc., p. 94, sec. 5; *Walter* v. *Scrafford*, 12 N. Y. Supp. 943; *In re Baker*, 21 Wash. 259.)

We look to the indictment or affidavit duly certified to determine whether a person is substantially charged with a crime. (*Roberts* v. *Reilly*, 116 U. S. 80; *Bruce* v. *Ragner*, 124 Fed. 481; *In re Waterman*, 29 Nev. 288; *In re Lewis*, 34 Nev. 28.)

"In Leary's case, the court held that the warrant of the governor was conclusive evidence that the party named therein stood charged with crime in the state from which he fled." (Moore on Extradition, vol. 2, p. 1012.)

In the case of *In re Hooper*, 52 Wis. 699, it was objected that the warrant did not show that the relator was charged with a crime for which the executive was authorized to cause him to be arrested and surrendered. The court said: "*Prima facie* the warrant shows that the act charged was a crime by the laws of Kansas. Besides, in the absence of proof to the contrary, the presumption is that the laws of that state are the same as our own. Our statute makes the seduction of an unmarried female of previous chaste character, under a promise of marriage, an offense punishable by imprisonment in the state prison, and that is the offense charged in the warrant."

Some courts have held that it is not even necessary to designate the crime in the warrant.

In Kingsbury's case, 106 Mass. 223, and Brown's case, 112 Iowa, 409, the warrants merely stated that the fugitives were "charged" conformably to law, and were held good. The same thing was distinctly held in *Com.* v. *Hall*, 9 Gray, 262.

"Even if the warrant ought to show the act to be a crime and does not, it is not invalid if filed with it are the requisition papers which set out the offense in full." (*People* v. *Shea*, 27 Chic. Leg. N. 214.)

Even if a warrant is *prima facie* invalid because of the absence of the necessary allegations, it is cured if accom-

panied by the affidavit which shows the facts. (*In re Romaine*, 23 Cal. 585.)

"Except in cases when the warrant serves as an indictment, technical accuracy is not required in the description of the offense. The essential point is that the accused should be able to understand from the description what charge he has to meet, and a warrant which fully informs him on the point is, generally speaking, sufficient." (22 Ency. Pl. & Pr. 1080a.)

Finally, this question only remains: Does the warrant sufficiently apprise the accused of the crime charged under the laws of Pennsylvania?

We think the executive warrant does this in no uncertain terms. It sets forth that he stands charged with the crime of desertion. Many states in the Union have similar statutes, and the crime is always termed desertion. It is true that desertion may be said to be only a legal conclusion; the same may be said of murder, rape, embezzlement; but we maintain that such statement is sufficient in the warrant to apprise a defendant of the crime, and that for the ultimate facts to which the accused must resort in preparation of defense is the complaint or indictment.

If you were to examine the statutes of Pennsylvania to find the crime alleged in the complaint, the only place it appears in the index is under the title "desertion."

The legislature of Illionis passed an act similar to the one under consideration and it is found in Laws of Illinois (1903), page 155. Nowhere in said act is the word "desertion" used, and yet the Superior Court of Pennsylvania, in the case of *Com.* v. *Hare*, 36 Pa. 125, in passing on the said statute, says: "That defendant is indicted for desertion under an act of the general assembly of the State of Illinois, approved May 13, 1903, appears in the record." It is plain that for purposes of description, this statute and all similar statutes are termed "desertion" and we fail to find any other term that would more accurately convey the import of the said statute to the mind of any one accused of this crime.

The Pennsylvania courts term the statute "desertion," and for purposes of this hearing that is sufficient.

By the Court, NORCROSS, J.:

This is an original proceeding in *habeas corpus* following a similar proceeding in the Second Judicial District Court of the State of Nevada, in and for the county of Washoe, T. F. Moran, district judge, presiding, in which proceeding the lower court refused to discharge the petitioner.

The petition alleges that the petitioner is unlawfully restrained of his liberty by the chief of police of the city of Reno, and the illegality of such detention is based upon the alleged insufficiency of an executive warrant, issued by the governor of this state upon the requisition of the governor of the State of Pennsylvania, for the return of the said petitioner to the latter state, to answer for the crime of desertion.

While the petition alleges that the requisition papers were insufficient, in that they do not contain a description of any offense known to the laws of the State of Pennsylvania, the only contention made in the brief of counsel for petitioner is that the executive warrant of the governor of this state is insufficient to justify the said chief of police in holding the petitioner, upon the ground that it sets forth no defense known to the laws of the demanding state.   The executive warrant of the governor of this state is in the usual form, and is not subjected to any objection, other than that the only description contained therein of the offense charged against the petitioner is that of "desertion."

Upon the hearing in this proceeding, the original requisition papers issued by the governor of Pennsylvania were submitted in evidence, and, even if it could be said that the executive warrant of the governor of this state was defective, we would not be justified in the discharge of the petitioner, if the requisition papers were sufficient in themselves to justify the governor of this state in issuing his executive warrant.

Attached to the requisition of the governor of Pennsylvania is a certified copy of the original information upon which the criminal proceedings in the demanding state are based. This information charges the petitioner with having, on the 17th day of December, 1910, in the city of York, county of York, State of Pennsylvania, separated himself from his wife and minor child without reasonable cause, and wilfully neglecting to support and maintain his said wife and minor child, they being destitute and depending wholly upon their earnings for adequate support, contrary to the statute in such case made and provided. Throughout all of the papers found in the requisition, this offense is designated as "desertion"; for example, the requisition of the governor of Pennsylvania, among other things, says: "Whereas, it appears, by copy of information which is hereunto annexed, which I certify to be authentic and duly authenticated in accordance with the laws of this state, that W. J. Hose stands charged with the crime of desertion, which I certify to be a crime under the laws of this state," etc.

The attorney-general, in his brief, has set out in full the statute upon which this proceeding is based, which is entitled "An act making it a misdemeanor for a husband and father to desert and neglect to support his wife or children, prescribing a penalty therefor, and making the wife a competent witness in such cases." This act, which was passed by the legislature of 1903 (Act of March 13, 1903, P. L. 26), is apparently in lieu of or supplementary to an act of the legislature of the State of Pennsylvania, passed in 1867, which defines the same offense as desertion.

Upon the blank form in use in Pennsylvania, upon which application to the governor of that state was made for requisition, we find the following among the printed rules and suggestions governing the issuance of requisition in that state: "2. Requisitions will not issue in cases of fornication and bastardy, desertion (except under special and aggravated circumstances), nor in any case to aid in collecting a debt," etc. Thus it appears that an

offense denominated "desertion" is recognized under the laws of Pennsylvania, but that it is the policy of that state not to issue requisition to the governor of another state for such offense, "except under special and aggravated circumstances." That there is no merit in this proceeding, we think too clear to require citation of authorities, a number of which may be found in the brief of the attorney-general supporting our conclusion.

It is ordered that petitioner forthwith surrender himself to the chief of police of the city of Reno, to be delivered into the custody of the duly appointed agent of the State of Pennsylvania for return to that state, and that upon his compliance with this order the cash bail, deposited with the clerk of this court for his release pending this hearing, be returned to him.