[No. 2382]

## IN THE MATTER OF THE APPLICATION OF WILLIAM H. BRENNEN, FOR A WRIT OF HABEAS CORPUS.

[183 Pac. 310]

1. HUSBAND AND WIFE—DESERTION—NONSUPPORT—PROSECUTION—VENUE.

Prosecution of husband for desertion and nonsupport of wife and child under Act Pa. March 13, 1903 (P. L. 26), need not be instituted at place of his residence, or county in which offense is alleged to have been committed, but may be instituted wherever relief may be needed; such statute, in view of section 2, and in view of act April 13, 1867 (P. L. 78), to which it is supplementary, being remedial as well as penal, with purpose of affording relief to dependent wives and children.

ORIGINAL PROCEEDING. Application of William H. Brennen for a writ of habeas corpus. Petitioner directed to surrender himself to sheriff.

*Wm. McKnight, Moore & McIntosh,* and *Edna C. Plummer,* for Petitioner:

The court of Clearfield County, Pa., the county out of which the indictment issued, was and is devoid of jurisdiction to try petitioner on the indictment so filed, he never having been a resident of or domiciled in said county. One who commits a crime is answerable therefor only in the jurisdiction where the crime was committed; and in all criminal prosecutions, in the absence of statutory provision to the contrary, venue must be laid as in the county of the offense, and it must be proved as laid. State v. Dangler, 74 Ohio St. 49, 77 N. E. 271.

The offense charged is not a continuing offense, nor one which might be termed transitory or ambulatory in its nature. In Re Roberson, 38 Nev. 326, 149 Pac. 182.

*Leonard B. Fowler,* Attorney-General, for Respondent.

By the Court, DUCKER, J.:

This is an original proceeding in habeas corpus.

The return to the writ shows that the petitioner was held in custody of the relators, Joseph Stern, sheriff of Ormsby County, State of Nevada, and A. M. Gorman,

as agent of the State of Pennsylvania, under a warrant of arrest issued by the authority of the governor of Nevada pursuant to a requisition from the governor of the State of Pennsylvania, demanding the extradition of the petitioner as a fugitive from justice.

The crime charged is desertion and failure to support wife and child, alleged to have been committed by petitioner in the county of Clearfield, State of Pennsylvania, on or about the 1st day of July, 1917.

Upon the issuance of the writ petitioner was admitted to bail by this court.

It is conceded that the indictment found in said Clearfield County substantially charges an offense under the laws of Pennsylvania, and that petitioner was in that state at the time alleged. The evidence adduced upon the hearing of the return to the writ in this court was taken by deposition under stipulation, and petitioner testified in his own behalf at the hearing. He asserts that the evidence shows that he was never a resident of Clearfield County, but, on the contrary, shows that he was a resident of and domiciled in Jefferson County, and when the actual separation from his wife occurred he was residing in Indiana County, Pa. He insists, therefore, that as a matter of law the court of Clearfield County has no jurisdiction of the offense charged, and that he is entitled to his release. This is the sole question for determination.

We think the jurisdiction of the court of Clearfield County, under the laws of the State of Pennsylvania, to try petitioner for the offense charged and render judgment, does not rest upon the ground of his residence or home in that county, but upon the fact that he was in that state at the time the offense is alleged to have been committed by him.

Petitioner was indicted in Clearfield County under a statute of the State of Pennsylvania which provides:

"If any husband or father, being within the limits of this commonwealth, shall hereafter separate himself from his wife or from his children, or from wife and

children, without reasonable cause, and shall wilfully neglect to maintain his wife or children, such wife or children being destitute, or being dependent wholly or in part on their earnings for adequate support, he shall be guilty of a misdemeanor; and on conviction thereof be sentenced to imprisonment not exceeding one year, and to pay a fine not exceeding $100, or either, or both, at the discretion of the court; such fine, if any, to be paid or applied in whole or in part to the wife or children, as the court may direct." Act of March 13, 1903, P. L. 26.

This enactment is clearly supplementary to an act of the legislature of the State of Pennsylvania passed in 1867 (P. L. 1867, p. 78), and was so considered by this court in Ex Parte Hose, 34 Nev. 87, 116 Pac. 417. The act of 1867 provides:

"If any husband, or father, being within the limits of this commonwealth, has, or hereafter shall, separate himself from his wife, or from his children, or from wife and children, without reasonable cause, or shall neglect to maintain his wife, or children, it shall be lawful for any alderman, justice of the peace, or magistrate, of this commonwealth, upon information made before him under oath, or affirmation, by his wife, or children, or either of them, or by any other person, or persons, to issue his warrant to the sheriff, or to any constable, for the arrest of the person against whom the information shall be made, as aforesaid, and bind him over, with one sufficient surety, to appear at the next court of quarter sessions, there to answer said charge of desertion."

In subsequent sections of this act provisions are made authorizing the court of quarter sessions to make proper orders compelling the person against whom complaint is made to pay such sums as the court may deem reasonable and proper for the support of the wife and children, or either, and to commit him to prison until he comply with such order or give security therefor. It has been decided by the courts of last resort in Pennsylvania,

construing the act of 1867, that any court of quarter sessions within the commonwealth has jurisdiction to try a person complained of under this act, without reference to where the original desertion may have been. Barnes v. Commonwealth, 2 Pennypacker (Pa.) 506; Demott v. Commonwealth, 64 Pa. 302; Commonwealth v. Tragle, 4 Pa. Super. Ct. 159.

Aside from its penal nature and the combination of the acts of desertion and failure to provide into one offense, the later act is a virtual reenactment of the earlier act.

While there is no decision of the courts of Pennsylvania construing the act of 1903 as to the proper venue of an action instituted under it, still an examination of the two acts leads us to the conclusion that there was no intention in the later act to restrict the jurisdiction of the courts with reference to the residence of the offender within the state.

The purpose of the act of 1867 is not to punish criminals, but to relieve dependent wives and children by providing for their maintenance. Commonwealth v. Tragle, supra. But it is equally certain that while the act of 1903 makes desertion and nonsupport a misdemeanor and punishable, its purpose is also to relieve dependent wives and children by providing for their maintenance, both independently of the act of 1867, and in aid thereof.

This is apparent from that part of section 2 of the act of 1903 which provides:

"That upon conviction, the court may suspend sentence, upon and during compliance by the defendant with any order for support thereafter made against him, as already made or as may thereafter be modified, in the manner now provided by law; and if no such order shall have been made, then the court trying the defendant may make such order for the support by the defendant of his wife and children, or either of them, which order shall be subject to modification by the court on cause shown, and may suspend sentence, upon and during the

compliance by defendant with such order then made or
as thereafter modified and entry of bond by defendant,
with surety approved by the court, conditioned on
compliance with such order,"

Provision is also made in this act empowering the
court to order any fine that may be levied to be applied
in whole or in part to the maintenance of the wife or
children of the delinquent. It is plain that the act of
1903 was intended by the legislature of Pennsylvania
to be supplementary to the act of 1867 in its purpose,
and to furnish an additional remedy for dependent wives
and children against delinquent husbands and fathers
by invoking the strong arm of the criminal law in their
behalf. Such being its scope and purpose as revealed
by the entire structure of the act, it would contravene
the plain spirit of the statute to assume that the legisla-
ture intended it to be less effective in its purpose than
the act of 1867 by restricting the venue to the residence
of the offending husband or father.

The statute of 1903 is both penal and remedial, and in
our judgment constitutes an exception to the general
rule of criminal procedure that the venue must be laid
in the county where the offense is alleged to have been
committed.

Counsel for petitioner cite the opinion of this court in
the case of In Re Roberson, 38 Nev. 326, 149 Pac. 182,
L. R. A. 1915E, 691, and insist that it is ruling on the
question of jurisdiction here presented. It is a suffi-
cient answer to this contention to state that in that case
the petitioner was indicted under a statute of the State
of North Carolina substantially different in its structure
and purpose from the statute before us in this case. The
statute of the State of North Carolina, and which is a
section of the criminal code, provides:

"If any husband shall wilfully abandon his wife with-
out providing adequate support for such wife, and the
children which he may have begotten upon her, he shall
be guilty of a misdemeanor." Code, sec. 970.

The part of the opinion in which the jurisdictional

power of the court of one county to control the trial of a case where the desertion takes place in another county of the state is discussed in the case of In Re Roberson is based upon a decision of the superior court of North Carolina holding that under the laws of that state the superior court of one county has no jurisdiction of criminal offenses committed in another county, and also rests upon the decisions of the court of other states upon statutes different from the statute under consideration here.

Moreover, it appears that it was unnecessary to determine this question in the case of In Re Roberson, for the reason that the court held that the petitioner was not within the State of North Carolina when he formed the intention to abandon his wife, and was therefore not a fugitive from justice subject to interstate extradition.

In Re Roberson is not ruling in the case at bar. There are few questions more uncertain in the whole scope of the law than the question of fact as to the proper venue in cases of abandonment of wife and children. The books reveal a long and melancholy train of instances where justice has been defeated by misplaced venue, due to the transitory nature of the husband's abode, or to his action in causing his wife to live in places apart from his own residence. We are therefore not indulging an unfair inference to believe that the legislature of the State of Pennsylvania was probably moved by these considerations, in the enactment of the statutes of 1867 and 1903, to give the courts of that state jurisdiction in this class of cases without reference to the residence or domicile of the parties within the state. The power of the legislature to do this, in the absence of constitutional restrictions, is unquestioned.

The wisdom of the legislature is apparent in this particular case. It appears from the evidence that the petitioner and his wife were married in Clearfield County, the home of the wife; that they went from there to Armstrong County and thence into Jefferson County, from whence, at the direction of petitioner, the

wife returned to live in Clearfield County. He then moved into Indiana County, and finally went from that county to Eureka, Nevada. It also satisfactorily appears that before leaving Pennsylvania he visited her at Clearfield County on several occasions, and they stopped together at a hotel in that county and cohabited as husband and wife. Having directed her to go into Clearfield County, and cohabiting with her there, it may be justly remarked, as was said in Commonwealth v. Tragle, supra, under a similar state of facts, that his argument here against the jurisdiction of the court of that county comes with bad grace, and well illustrates the wisdom of the statute in allowing the proceedings to be instituted wherever the relief may be needed.

It is ordered that petitioner forthwith surrender himself to the sheriff of Ormsby County, State of Nevada, to be delivered into the custody of the duly appointed agent of the State of Pennsylvania for return to that state, and that upon compliance with this order his bail may be exonerated.