STATE OF CONNECTICUT *v.* ALBERT PACE.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued December 3, 1942—decided January 8, 1943.

*Edwin S. Pickett,* prosecuting attorney, for the state.

*Louis Feinmark,* for the defendant.

*Jeremiah D. Shea,* as amicus curiae.

MALTBIE, C. J. The defendant was found guilty of the crime of nonsupport in the City Court of New Haven and appealed to the Court of Common Pleas. There the prosecuting attorney filed an information in lieu of that in the City Court under § 6449 of the General Statutes. This contained two counts, charging in one nonsupport of the defendant's wife and in the other nonsupport of his minor child. The defendant filed a plea to the jurisdiction of the court, to which the state demurred. The case comes to us on reservation for advice as to the proper ruling upon

that demurrer. Section 1702c of the 1935 Cumulative Supplement to the General Statutes penalizes nonsupport of a wife, child, grandchild, parent or grandparent, and subsection (b) is as follows: "Any person who shall violate any provision of this section may be prosecuted before any court of this state in the same manner as if such offense had been committed within the territorial jurisdiction of such court." There can be no question that the intent of this statute was to confer jurisdiction upon any court in the state to hear and determine an accusation of violation of the statute whether or not the offense was committed within the territory over which it had jurisdiction. The substantial issue presented is the constitutionality of that subsection.

The plea to the jurisdiction alleges, and the demurrer admits, that the defendant had been for some time and was at the time of the alleged commission of the crime a resident of Branford; his wife ever since the marriage and the child since birth had been and were at the time of the alleged commission of the crime residents of Ansonia; and the matrimonial domicil of the defendant and his wife has never been in any other place than Ansonia. The crime charged could not, then, have been regarded as having been committed in New Haven. *McDonald* v. *Hugo,* 93 Conn. 360, 363, 105 Atl. 709; 16 C. J. 187, § 263; 22 C. J. S. 278, § 185b. The criminal jurisdiction of the New Haven City Court as regards violations of state laws is restricted to those committed within the city or town of New Haven; 13 Spec. Laws 442, § 185; and, if the City Court did not have jurisdiction of the offense charged against the defendant, the Court of Common Pleas, acting upon an information under § 6449 of the General Statutes, would not. *McDonald* v. *Hugo,*

supra, 365. Hence the only jurisdiction these courts could have would be under § 1702c (b).

Our constitution, unlike those of some states, contains no provision restricting the place of trial of persons accused of crime. As the defendant points out, it does prescribe that in all criminal prosecutions "the accused shall have a right to be heard by himself and by counsel" and "to have compulsory process to obtain witnesses in his favour"; Art. I § 9; and that "no person shall be arrested, detained or punished, except in cases clearly warranted by law." Art. I § 10. As the defendant maintains, the fair import of these and other provisions in the constitution is that an accused shall be granted a fair and impartial trial. But neither the provisions we have quoted nor any other in the constitution can be construed to prevent the legislature from providing that an accusation of crime may be tried and disposed of by a court in a territorial subdivision of the state other than that within which it is committed. The right of one accused of crime to have a fair and impartial trial has been the basis of Anglo-Saxon criminal jurisdiction ever since Magna Carta. But that has never been regarded as involving as a necessary element the requirement that in all cases an accused be tried within the county or other territorial jurisdiction within which the offense was committed. Blackstone, in his Commentaries, Vol. 4, p. 304, states that accusations of murder might be tried by the King's Special Commission in any shire or place in England, and offenses against "the black act," 9 Geo. I, Chap. 22 (unlawfully killing game with face blackened or in disguise), might be tried in a court in any county. At the time of the adoption of our constitution, our law provided that persons charged with bigamy might be tried "in the county where they shall be apprehended." Rev. 1821, p. 171.

It is true that it might impose hardship upon an accused to be presented for trial in some court at a place considerably distant from that of his residence. But the possibility of that occurring is present under the very rule for which the defendant contends, for he may be charged with committing a crime in the place where it is alleged to have been committed and be arrested at his residence and brought to such place for trial, though it is remote from his home and he was but a temporary sojourner there. In fact, an accused may be tried in a territorial jurisdiction in which he has never been personally present; e. g., a nonresident may be tried in this state for a crime which he, though never personally present, procured to be committed here; *State* v. *Grady,* 34 Conn. 118, 129; and where a person mails a forged check, it has been held that he may be tried at the place where the letter was received. *State* v. *Segar,* 96 Conn. 428, 433, 114 Atl. 389; and see *In re Pallister,* 136 U. S. 257, 265, 10 Sup. Ct. 1034.

In states where, as in this, no constitutional provision requires that offenses be tried within the territory in which they are charged to have been committed, statutes providing that an offender may be tried in the county where he is apprehended have been upheld; *People* v. *Martin,* 188 Cal. 281, 288, 205 Pac. 121; *State v. Sweetsir,* 53 Me. 438; and a legislative act providing that jurisdiction of a prosecution for escape from prison "is in any county of the state" has been held valid. *People* v. *Richardson,* 138 Cal. App. 404, 32 Pac. (2d) 433. In Pennsylvania, under a statute similar to that which we are considering, courts in any county may entertain prosecutions "without regard to the residence or settlement of the defendant, and without reference to where the original desertion took place." *Commonwealth* v. *Tragle,* 4 Pa. Super. 159,

163; *Commonwealth* v. *Plummer*, 83 Pa. Super. 26, 28; *Commonwealth* v. *Jamison*, 149 Pa. Super. 504, 27 Atl. (2d) 535; *Demott* v. *Commonwealth*, 64 Pa. 302. See also *State* v. *Brown*, 103 Vt. 312, 154 Atl. 579, 76 A. L. R. 1029 and note, 1034; *State* v. *Lewis*, 142 N. C. 626, 630, 55 S. E. 600; *Mischer* v. *State*, 41 Tex. Crim. Rep. 212, 220, 53 S. W. 627. No decision which has been cited to us or which we have found is to the contrary.

The statute in question is sui generis. It provides that upon conviction the court may suspend sentence upon the filing of a satisfactory bond conditioned upon the providing of support or upon any other terms or conditions the court may impose. One of the principal purposes, if not the principal one, is to assure that the support to which the wife or the relatives designated in the statute are entitled shall be furnished. *Ex Parte Brennen*, 43 Nev. 165, 168, 183 Pac. 310. It may well have seemed to the legislature that provision should be made so far as could properly be done to avoid delays in securing that support and that, as the question as to the particular place where the crime had been committed is often difficult of solution and therefore holds possibilities of protracted litigation not germane to the merits of the case, delays due to that cause should be obviated. Moreover, towns and cities in the state within which the crime has not been committed may have a direct interest in the prosecution; a town in which the person entitled to support is found may be obliged to furnish it, for the expense of which the town in which such person has a settlement is ultimately liable. General Statutes, § 1702. The legislature might well deem it in the interest of the persons entitled to support under the act and of the public not to attempt to lay down a categorical rule for determining what courts should have jurisdiction but to

provide that any court in the state might act whether or not the crime was committed within its territorial jurisdiction. The provision in the act is not such an arbitrary exercise of legislative power as to invalidate it, nor does it violate the guarantee in the United States constitution of equal protection of the laws.

The Court of Common Pleas is advised that subsection (b) of § 1702c of the 1935 Cumulative Supplement to the General Statutes is valid and that any court in the state has jurisdiction as specified in the act over the offense defined in it without regard to the place where it was committed.

No costs will be taxed in this court.

In this opinion the other judges concurred.