ALFRED W. KOHLFUSS *v.* WARDEN OF CONNECTICUT STATE PRISON

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued June 6—decided July 27, 1962

*Alfred W. Kohlfuss,* pro se, the appellant (plaintiff).

*Otto J. Saur,* state's attorney, with whom, on the brief, was *John F. McGowan,* assistant state's attorney, for the appellee (defendant).

BALDWIN, C. J. The plaintiff pleaded guilty in the Superior Court in Fairfield County to a charge

of robbery with violence and was sentenced to a term of not less than two nor more than seven years in the state prison. General Statutes § 53-14. He filed a petition for a review of his sentence, pursuant to General Statutes § 51-195. The sentence review division of the Superior Court heard his petition, decided that the sentence should be increased, and ordered that a sentence of not less than three nor more than seven years be imposed. *State v. Kohlfuss,* 22 Conn. Sup. 278, 279. The Superior Court in Hartford County modified the judgment accordingly and resentenced the plaintiff to the penalty ordered by the review division. The plaintiff applied for a writ of habeas corpus, claiming that his constitutional rights had been violated in that he had been put in double jeopardy and had been denied due process of law. From the denial of his application for the writ, he has taken this appeal.

General Statutes § 51-194 provides for the appointment by the chief justice of three judges of the Superior Court to act as a sentence review division of that court. Any person sentenced to a term of one or more years in the state prison may, within thirty days, apply for a review of his sentence by filing an application with the clerk of the Superior Court. General Statutes § 51-195. The clerk notifies him in writing when he is sentenced that he has this right and that the review division may, in acting on his application, increase or decrease the sentence he has received. Ibid. The filing of an application does not stay the execution of the sentence. Ibid. The review division may increase or decrease the sentence within the limits which could have been imposed originally, or it may decide that the sentence should stand. §§ 51-195, 51-196. If the divi-

sion orders a different sentence, the Superior Court sitting in any convenient county resentences the convicted person. § 51-196. Time served on the sentence reviewed is deemed to be time served on the sentence substituted. Ibid.

The plaintiff claims that he has been put in double jeopardy in that he was brought into court from prison, where he was serving a sentence already imposed, and a longer sentence was placed upon him. The fifth amendment to the federal constitution, which provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb," does not apply to state proceedings unless the double jeopardy amounts to a denial of due process under the fourteenth amendment. *Palko* v. *Connecticut,* 302 U.S. 319, 322, 58 S. Ct. 149, 82 L. Ed. 288; *Brantley* v. *Georgia,* 217 U.S. 284, 285, 30 S. Ct. 514, 54 L. Ed. 768. There is no specific provision against double jeopardy in the constitution of Connecticut. It is nonetheless true that we have in large part adopted the common-law rule against it as necessary to the due process guaranteed by article first, § 9, of our constitution. See *State* v. *Lee,* 65 Conn. 265, 271, 30 A. 1110; *State* v. *Carabetta,* 106 Conn. 114, 117, 137 A. 394; *State* v. *Holloway,* 144 Conn. 295, 298, 130 A.2d 562. Another generally accepted rule of the common law is that a sentence cannot be modified by the trial court, even at the same term, if the sentence was valid and execution of it has commenced. *State* v. *Pallotti,* 119 Conn. 70, 74, 174 A. 74; 15 Am. Jur. 128 § 473, 130 § 474; note, 168 A.L.R. 706, 707. The reason for this rule has been variously assigned. According to one view, the rule rests on the principle of double jeopardy. According to another view, the rule is based on the proposition that the trial court has lost jurisdiction

of the case. See cases cited in note, 168 A.L.R. 709, 710. In the case at bar, the sentence ordered by the review division and thereafter imposed by the court was greater than the original sentence. Furthermore, the plaintiff had been committed to the state prison and had begun the execution of the original sentence. Since the trial court proceeded in accordance with the statute the question is whether the court could impose the heavier penalty without subjecting the plaintiff to double jeopardy and thereby denying him due process of law. See Restatement, Judgments §§ 5, 7.

The prohibition against double jeopardy has been stated to mean, fundamentally, that no person shall be twice tried and punished for the same offense. *Green* v. *United States,* 355 U.S. 184, 187, 78 S. Ct. 221, 2 L. Ed. 2d 199; *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 168, 21 L. Ed. 872; see note, 168 A.L.R. 709. In the federal courts, it has been held to be double jeopardy, and therefore violative of the fifth amendment to the federal constitution, for a trial court on its own initiative to increase the penalty once the execution of a valid sentence has begun. *Ex parte Lange,* supra; *United States* v. *Rosenstreich,* 204 F.2d 321 (2d Cir.). Where, however, the convicted person himself initiates further proceedings and they result in a heavier penalty, the federal courts do not hold it to be double jeopardy. In *Stroud* v. *United States,* 251 U.S. 15, 18, 40 S. Ct. 50, 64 L. Ed. 103, the defendant was convicted in a federal court of murder in the first degree and sentenced to life imprisonment. He appealed and obtained a new trial. He was again convicted of murder in the first degree, and this time he received the sentence of death. The Supreme Court of the United States upheld the imposition

of the greater penalty. See also *Kepner* v. *United States,* 195 U.S. 100, 128, 24 S. Ct. 797, 49 L. Ed. 114; *United States* v. *Ball,* 163 U.S. 662, 672, 16 S. Ct. 1192, 41 L. Ed. 300. In *Green* v. *United States,* supra, 190, the majority opinion appears to turn on the point that the defendant had been in jeopardy in his first trial, which was on a charge of murder in the first degree and that, when the jury refused to convict him on that charge but instead returned a verdict of guilty in the second degree, he could not be tried again, and convicted, for first degree murder. The *Green* case is clearly distinguishable from the case at bar.

In *Murphy* v. *Massachusetts,* 177 U.S. 155, 20 S. Ct. 629, 44 L. Ed. 711, the plaintiff had been convicted and sentenced, and the service of his sentence had begun. Upon writ of error, he succeeded in having his sentence reversed as invalid, but he was subsequently resentenced to a heavier penalty. The Supreme Court of the United States held (p. 158) that the proceedings in the state court did not violate the due process provisions of the fourteenth amendment to the federal constitution. See also *Louisiana ex rel. Francis* v. *Resweber,* 329 U.S. 459, 462, 67 S. Ct. 374, 91 L. Ed. 422; *Green* v. *United States,* supra, 216-217 (Frankfurter, J., dissenting).

The Connecticut statutes with which we are here concerned (§§ 51-195, 51-196) subject every sentence which is imposed by the Superior Court and requires imprisonment for a year or more in a state prison to the possibility of a review if, but only if, a review is requested by the person sentenced. They afford him an opportunity for what is, in effect, a limited appeal for a reconsideration of the sentence imposed. The jeopardy, so far as the sentence is concerned, is a single, continuing one, and any

change in the sentence results from the sentenced person's own voluntary act. *State* v. *Lee,* 65 Conn. 265, 273, 30 A. 1110; *State* v. *Muolo,* 118 Conn. 373, 381, 172 A. 875; *State* v. *Palko,* 122 Conn. 529, 538, 191 A. 320, aff'd, 302 U.S. 319, 58 S. Ct. 149, 82 L. Ed. 288; see *Kepner* v. *United States,* supra, 135 (Holmes, J., dissenting).

The claim that the plaintiff could not be resentenced in Hartford County because he was originally sentenced in Fairfield County is without merit. The Superior Court is one court throughout the state. *Perell* v. *Warden,* 113 Conn. 339, 343, 155 A. 221; *Allis* v. *Hall,* 76 Conn. 322, 327, 56 A. 637; see General Statutes § 51-1. The legislature had the power to prescribe, within the territorial limits of this state, where the resentencing could take place. *State* v. *Pace,* 129 Conn. 570, 572, 29 A.2d 755. We conclude that the plaintiff was not put in double jeopardy, that due process of law was not denied to him, and that the heavier sentence imposed on him under the statutes was constitutionally valid.

There is no error.

In this opinion the other judges concurred.