Cratsley, J.
The Plaintiff, the Town of Reading, brought this action pursuant to G.L.c. 150C, §11 to vacate a portion of an arbitration award reinstating an employee which was rendered under a collective bargaining agreement with the Defendant, the American Federation of State, County and Municipal Employees, AFL-CIO Council 93, Local 1703 (AFSCME). Subsequently, the Plaintiff filed a motion for summary judgment and the Defendant filed a cross motion.
For the following reasons, the Plaintiffs motion for summary judgment is ALLOWED and the Defendant’s motion for summary judgment is DENIED.
FACTS
On January 12, 1994 the Town and the AFSCME held an arbitration hearing to decide a grievance under their collective bargaining agreement for nonsupervis-ory employees in the Department of Public Works. The hearing addressed Carl Fennelly’s removal from call duty. Fennelly was one of a handful of individuals who had been assigned call duty in addition to his ordinary responsibilities. In this extra nonsupervisoiy position he was periodically responsible for locking the DPW garage. The grievance questioned the action taken by the Town following an incident on July 2, 1993 that ensued when Fennelly attempted to lock the garage early. Fennelly was asked by his supervisor to wait until the close of the shift to lock the garage. In the presence of his co-workers, Fennelly responded by swearing at his superior and proceeding to disobey this order. The DPW Director permanently removed Fennelly from call duty for insubordination. Subsequently, the Town Manager ordered that Fennelly be removed from call duty, but be allowed to reapply after one year.
The AFSCME filed an arbitration grievance which argued that Fennelly’s removal was improper. The parties submitted the following questions to Arbitrator John Higgins:
Did the Town violate Article 15 of the collective bargaining agreement when it removed Carl Fennelly, the grievant, from call duty, in July, 1993.
If so, what shall be the remedy?
On March 10, 1994, the arbitrator issued the following ruling:
I find that the Town did not violate Article 15 of the collective bargaining agreement when it removed, by suspension, Carl Fennelly from his “call duty” assignment. However, the Town’s conditional offer of reinstatement at the end of the suspension period ... is inequitable to the matter and form of a suspension. I find that this is more likened to a termination coupled with a conditional offer to rehire. I therefore find that Carl Fennelly will be returned to his “call duty” at the end of the year’s suspension.
On April 11, 1994 the Town brought this suit to vacate the portion of the award which required Fennelly’s reinstatement. The Town argues that Higgins exceeded the bounds of authority established by the submitted questions.
*251 DISCUSSION
I. Standard of Review
Summary judgment may only be granted when there are no issues of material fact and when the moving party is entitled to a judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). In this case, neither side has raised any issues of material fact. Since both sides acknowledge the stipulated facts, summary judgment may be granted.
II. Limits of Arbitrator’s Authority
The judicial review of arbitration awards is severely restricted. However, courts have the power to determine whether an arbitrator exceeded the authority granted to him. G.L.c. 150C, §11; Local 589, Amalgamated Transit Union v. Massachusetts Bay Transportation Authority, 392 Mass. 407, 410-11 (1984). Under standard labor law theory, an arbitrator is deemed to have exceeded his authority if he answered questions that were not submitted to him. See Farson v. United Press Associations, 154 N.Y.S.2d 741 (1956); Automobile Workers Local 1078 v. Anaconda American Brass Company, 149 Conn. 697 (1962).
Arbitrator Higgins was presented with two questions:
1) Did the Town violate Article 15 of the collective bargaining agreement when it removed Carl Fennelly, the grievant, from call duty, in July, 1993.
2) If so, what shall be the remedy?
This Court notes that the second question began with the language “if so.” The arbitrator was not asked to provide a remedy if no violation had occurred, but only to provide a remedy “if’ a violation occurred. Under standard labor law theory, if the arbitrator found that no violation existed, he was not asked and thus not permitted to issue a remedy, as he only had the power to answer those questions before him. In clear excess of his authority, the arbitrator in this case after determining that the Town had not violated the Agreement “when it removed [Fennelly], by suspension” nonetheless proceeded to award automatic reinstatement. Higgins granted this remedy merely because he viewed the conditional offer of reinstatement to be unfair and “inequitable to the matter and form of a suspension.”
Courts are bound to vacate arbitration awards that go beyond the scope of the arbitrator’s authority to protect the parties from just such action. By restricting the reach of arbitration to the questions posed, the law prevents arbitrators from limiting the parties’ power to control their own affairs and then imposing their own views. G.L.c 150C, §11; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597. Since the arbitrator in this case exceeded his authority in proceeding to the second question after his negative answer to the first, his award in answering the second question must be vacated.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Plaintiffs motion for summary judgment is ALLOWED and the Defendant’s motion for summary judgment is DENIED.