## BRANTLEY *v.* STATE OF GEORGIA.

ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 692.    Argued April 6, 1910.—Decided April 11, 1910.

Where one has been tried in a state court for murder and convicted
    of manslaughter, and, on his own motion, obtains a reversal and
    new trial, on which he is convicted of a higher offense, and the con-
    stitution of the State provides that no one shall be put in second
    jeopardy for the same offense save on his own motion for new trial
    · or in case of mistrial, there is no question involved of twice in
    jeopardy under the Constitution of the United States.
132 Georgia, 573, affirmed.

THE facts are stated in the opinion.

*Mr. John Randolph Cooper* for plaintiff in error.

· *Mr. John C. Hart,* Attorney General of the State of Georgia,
for defendant in error, submitted.

PER CURIAM: Brantley was indicted in the Superior Court
of Washington County, Georgia, charged with the offense of
murder; was tried and found guilty of voluntary manslaugh-
ter; filed a motion for new trial, and upon appeal to the state
Court of Appeals obtained a reversal of the judgment, and a
new trial was ordered.

At the second trial he filed a plea of former jeopardy, claim-
ing that he had been tried for murder, and having been found
guilty of a lesser grade of homicide that operated to acquit
him of the charge of murder, and to try him again for murder
under the same indictment would be to try him again for an

offense of which he had been previously acquitted, and that he could only be arraigned for voluntary manslaughter. This plea was demurred to and the demurrer sustained by the court. The case then proceeded to trial, and the jury found him guilty of murder, whereupon he was sentenced to life imprisonment. He moved for new trial, which motion was overruled, and thereupon he appealed to the Supreme Court of the State of Georgia, which affirmed the judgment of the lower court. *Brantley* v. *State*, 132 Georgia, 573.

The constitution of the State of Georgia provides that "No person shall be put in jeopardy of life or liberty more than once for the same offense, save on his or her own motion for new trial, after conviction, or in case of mistrial." This writ of error was sued out and plaintiff in error contended that the judgment of the Supreme Court of Georgia was in violation of the Fifth Amendment of the Constitution of the United States, and that the provision of the constitution of the State of Georgia was null and void as construed by the state Supreme Court.

The contention is absolutely without merit. It was not a case of twice in jeopardy under any view of the Constitution of the United States.

*Jvdgment affirmed.*