## COURT OF APPEALS.

### October 3, 1911.

## THE PEOPLE v. EDWARD F. M'GRATH.

### (202 N. Y. 445.)

MURDER—WHEN CONVICTION OF MURDER IN SECOND DEGREE DOES NOT OPER-
ATE AS AN ACQUITTAL OF MURDER IN THE FIRST DEGREE—DEFEND-
ANT IN CRIMINAL CASE WHO HAS MOVED TO SET ASIDE VERDICT MAY
WITHDRAW MOTION AT ANY TIME BEFORE IT IS DECIDED—WHEN
PLEA OF FORMER JEOPARDY ON TRIAL RESULTING IN VERDICT OF MUR-
DER IN SECOND DEGREE AVAILABLE UPON TRIAL OF DEFENDANT FOR
MURDER IN FIRST DEGREE.

A conviction of murder in the second degree does not operate as
an acquittal of murder in the first degree, and the accused can be put
upon trial for the higher grade of homicide when the original judg-
ment is reversed or the verdict otherwise set aside at his instance.

Upon the rendition of a verdict finding the defendant guilty of
murder in the second degree, one of his counsel moved to set aside
the verdict. Before decision he requested the court to wait a moment,
stating that he had not consulted his client; the court, however, in-
terrupted counsel and at once granted the motion to set aside the
verdict as against the evidence, whereupon counsel asked leave to
withdraw it. The court held that it was too late; that the judgment
of the court had been rendered. When the cause came on for trial
a second time counsel for defendant moved, on the minutes of the
previous trial, that he be not tried upon the ground that the court
was without jurisdiction, and on the ground of previous jeopardy;
the motion was overruled, and on the trial defendant was convicted
of murder in the first degree. On appeal from judgment upon this
verdict, *held*, first, a defendant in a criminal case who has moved to
set aside a verdict has the legal right to withdraw the motion at any
time before it is decided. The effect of what happened in the present
case is the same as though defendant's counsel had declared that he
withdrew the motion to set aside the verdict before the trial judge
had passed upon it, and an order setting aside the verdict and direct-
ing a new trial under these circumstances cannot be held to have
been granted at the instance or with the consent of the accused.
Second, that by the proceedings taken in behalf of the defendant on
the second trial, the plea of former jeopardy resulting in a still sub-
sisting verdict of murder in the second degree, was available to the
accused, was properly interposed and established.

APPEAL from a judgment of the Supreme Court rendered February 28, 1910, at a Trial Term for the county of New York upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*Robert J. Haire*, for appellant.

The arbitrary conduct of the trial court in setting aside the verdict and granting a new trial was not warranted or justified by law. (People ex rel. Young v. Stout, 81 Hun, 336; Commonwealth v. Deitrich, 221 Penn. St. 7; People v. Cignarale, 110 N. Y. 30; People v. Dowling, 84 N. Y. 484; People v. Kerrigan,, 147 N. Y. 210; People v. Tice, 131 N. Y. 654; People v. Stone, 117 N. Y. 483; People v. Kelly, 113 N. Y. 648; Abbott v. People, 86 N. Y. 460; Rogers v. People, 3 Park. 632; People v. Shay, 4 Park. 344; Manuel v. People, 48 Barb. 548.) The court improperly assumed the power based upon no authority or right of jurisdiction to force the defendant into waiving a constitutional right guaranteed to him by both the Federal and the State Constitutions. (People v. Palmer, 109 N. Y. 413; People v. Smith, 172 N. Y. 210.) The court was without jurisdiction in placing the defendant on trial the second time. (People v. Wendel, 128 N. Y. 437.)

*Charles S. Whitman*, District Attorney (*Stanley L. Richter* and *Robert C. Taylor* of counsel), for respondent.

The claim that the defendant was in prior jeopardy is without foundation. The verdict rendered upon the first trial was set aside upon the motion of defendant's own counsel. He cannot now claim that the first verdict of guilty in the second degree operated as an acquittal of the charge of murder in the first degree, as he himself destroyed the first verdict. (People v. Pal-

mer, 109 N. Y. 413; Trono v. United States, 199 U. S. 521; Brantley Case, 132 Ga. 573.) The defendant's counsel had authority to make the motion as he did. If he had authority then the court necessarily had jurisdiction to set aside the verdict (Stewart v. Biddlecum, 2 N. Y. 103; Read v. French, 28 N. Y. 285; Cox v. N. Y. C. & H. R. R. R. Co., 63 N. Y. 414; Oliver v. Bennett, 65 N. Y. 559; Shaft v. P. M. L. Ins. Co., 67 N. Y. 544; Cook v. Allen, 67 N. Y. 578; Poucher v. Blanchard, 86 N. Y. 256; Mack v. City of Buffalo, 87 N. Y. 184; Ducker v. Rapp, 67 N. Y. 464; Guilleaume v. Rowe, 94 N. Y. 268.)

WILLARD BARTLETT, J.:

The indictment, which is in the common-law form, charges the defendant with having feloniously and of his malice aforethought killed one Benjamin Rose at the city of New York on the 6th day of September, 1909, by stabbing him in the throat with a knife.

It was found in the Court of General Sessions and duly transferred to the Supreme Court, where the case was tried and the jury rendered a verdict of guilty of murder in the second degree on the 5th day of February, 1910. Upon this first trial the People were represented by Mr. Frank Moss, assistant district attorney, and Mr. Allen G. Wellman and Mr. Robert Turnbull, deputy assistants, and the defendant was represented by Mr. Robert H. Hibbard, Mr. Edward D. Dowling and Mr. Denis O'L. Callahan. Upon the rendition of the verdict finding the defendant guilty of murder in the second degree the following proceedings took place, as appears from the official stenographer's minutes:

" Mr. Hibbard: I will ask your Honor to reserve all motions until the day of sentence.

" The Court: I decline the request.

" Mr. Hibbard: Then I move to set aside the verdict on the ground that it is against the evidence and against the weight of

evidence and upon all the grounds mentioned in the Code of Criminal Procedure.

"The Court: What do you say, Mr. District Attorney, on the motion to set aside that verdict?

"Mr. Hibbard: I have not conferred with my client yet. Will your Honor wait a moment?

"The Court: What do you say, Mr. District Attorney, to that motion to set aside the verdict?

"Mr. Moss: I don't oppose the motion.

"The Court: Then I grant the motion.

"Mr. Hibbard: I made that motion without consulting with my client and—

"The Court: I grant the motion to set aside the verdict as against the evidence and the weight of evidence, and the district attorney consents. The district attorney will move the case at the earliest day next term.

"Mr. Hibbard: If your Honor please I should like to withdraw that motion.

"The Court: It is too late. The judgment of the court has been rendered.

"Mr. Hibbard: I except to your Honor's ruling.

"The Court: I granted your motion. I do not know what you have to except to.

"Mr. Hibbard: I made that motion without consulting with my associates.

"The Court: It is too late now."

The case came on for trial a second time, before the same justice of the Supreme Court, on the 15th day of February, 1910. His present counsel thereupon objected in behalf of the defendant "that the People ought not to have and maintain a further action in the above-entitled proceedings against him, and that the People should be barred from further prosecuting this defendant because of the former trial upon the same indictment and the jeopardy thereto attached by reason of said trial."

In support of the plea of former jeopardy thus interposed the defendant begged leave to refer to the stenographer's minutes, which have been set forth relating to the proceedings which took place at the conclusion of the first trial. The presiding justice said this abstract was substantially correct, with the insertion of the words " new trial," which did not alter the sense or substance, and then added: " Now, I overrule your motion." Counsel for defendant excepted, whereupon the court asked: " Your motion is what? " and defendant's counsel responded: " My motion is that he be not tried, upon the ground that the court is without jurisdiction, and on the ground of previous jeopardy." Following this statement in the record appear the words: " Overruled; exception." Objection on the same ground was made to proceeding with the trial, to the examination of each juror and to the examination of each witness called for the People; and when the objection was overruled an exception was duly recorded. The defendant was convicted of the crime of murder in the first degree; and from the judgment of death pronounced upon the verdict he has appealed, as is his statutory right, directly to this court.

Upon such an appeal we are empowered to consider questions of fact as well as questions of law; but the counsel for the defendant has not asked us to do so. He relies solely upon the constitutional guaranty against being more than once put in jeopardy, and insists that any further proceedings on the second trial should have been held to be barred by the facts which were made to appear from the record of the first trial as contained in the stenographer's minutes which have been quoted.

Another suggestion is made, however, which it is necessary to notice. This is that upon an indictment for murder in the first degree, a conviction of murder in the second degree operates as an acquittal of murder in the first degree and the accused cannot again be put upon trial for the higher grade of homicide, when the original judgment is reversed or the verdict otherwise set

aside at his instance. Some countenance is to be found for this view in the language of Andrews, J., in People v. Cignarale (110 N. Y. 23, 30, 6 N. Y. Crim. 82). The question, however, was not involved in the appeal in that case; and furthermore there is a distinct intimation at the close of the opinion that even if it were the common-law doctrine that a conviction for the lesser grade of an offense imports an acquittal of the higher grade, the Legislature would nevertheless be compentent to change the rule so far as future cases were concerned. That such is not now the rule in this State was declared by this court to be the effect of sections 464 and 544 of the Code of Criminal Procedure in People v. Palmer (109 N. Y. 413), which was decided on the same day as the Cignarale case, although no reference is made in the opinion in either case to the opinion in the other. In the Palmer case it was distinctly decided that, under the sections cited, where a defendant has been convicted of a lower degree of the crime charged in the indictment and upon his own application a new trial is ordered, the case stands as if there had been no trial at all and the defendant must be tried under the indictment as it is and not simply for the grade of crime of which he was previously convicted. In Trono v. United States (199 U. S. 521) the Palmer case is cited approvingly in a discussion of the question whether upon a new trial in a criminal case, where the defendant has been convicted of a lower grade of the crime charged in the indictment he can again be tried for the greater offense charged therein. The court says that the question has given rise to much diversity of opinion in the various State courts, but declares the better doctrine to be " that which does not limit the court or jury, upon a new trial, to a consideration of the question of guilt of the lower offense of which the accused was convicted on the first trial, but that the reversal of the judgment of conviction opens up the whole controversy and acts upon the original judgment as if it had never been. The accused by his own action has obtained a re-

versal of the whole judgment, and we see no reason why he should not, upon a new trial, be proceeded against as if no trial had previously taken place." (Opinion of Peckham, J., p. 533.)

If, therefore, the new trial in the case at bar had been granted at the undoubted instance and in the real interest of the defendant, we should have no difficulty in holding that the previous verdict did not stand in the way of a conviction of murder in the first degree. This brings us to a consideration of the manner in which the new trial was ordered.

The jury had retired at 6.15 P. M. on Friday and returned into court at 11.47 A. M. on Saturday, when they rendered their verdict finding the defendant guilty of murder in the second degree. His counsel then asked the court to reserve all motions until the day of sentence. The court promptly declined the request. It might well have been granted under the circumstances, although we do not think that the defendant was entitled to the postponement as a matter of right. The Code of Criminal Procedure provides that a motion for a new trial, except on the ground of newly-discovered evidence and except where the sentence is of death, must be made before judgment (section 466) and that a motion in arrest of judgment must be made before or at the time when the defendant is called for judgment (section 469). We think it was within the discretion of the trial judge to require the motions to be made at the time when he did, but it is to be regretted that it was exercised so as to compel counsel to act with undesirable haste. Thus constrained, Mr. Hibbard made the usual motion that the verdict be set aside as against the evidence and weight of evidence, and upon all the grounds mentioned in the Code of Criminal Procedure. The court, addressing the assistant district attorney, Mr. Moss, asked him what he had to say to the motion to set aside *that* verdict, thus plainly suggesting to that officer that the court deemed the verdict inadequate. Before Mr. Moss had re-

sponded to this intimation, Mr. Hibbard endeavored to withdraw his motion. He said he had not conferred with his client yet and asked his honor to wait a moment, when the court cut him off in the midst of an unfinished sentence, and repeated the question to the assistant district attorney. " I don't oppose the motion," said Mr. Moss, when the learned trial judge, without having heard defendant's counsel further and having refused to wait a moment at his request, said: " Then I grant the motion." Mr. Hibbard made further protest, but in vain. He said he had made the motion without consulting with his client and was about to say something further when the court interrupted him a second time. Finally he did succeed in saying what he had evidently been trying to say from the time when the court first addressed Mr. Moss, and that was that he should like to withdraw his motion. " It is too late," said the court; and the same response was made to the additional statement by Mr. Hibbard that he had made the motion without consulting with his associates.

We entertain no doubt that a defendant in a criminal case who has moved to set aside a verdict has the legal right to withdraw the motion at any time before it is decided. Even after it is decided, the court possesses the discretionary power to permit him to withdraw it. A similar power is constantly exercised in civil cases; as where a party has moved for the direction of a verdict in his favor and when the court rules against him he is not held estopped to insist that the case is one for the jury but may nevertheless ask that it be submitted and his exception to a refusal to submit is just as available to him as though he had never moved for a direction at all.

The effect of what happened in the present case is, in our opinion, just the same as though defendant's counsel had declared that he withdrew the motion to set aside the verdict before the learned trial judge had passed upon it. The fair import of the record is that he had begun to announce his desire to

withdraw the application when the court interrupted him by declaring that it was granted. Such an interruption could not deprive the defendant of the legal effect of the withdrawal, which must be deemed to have been announced in time. An order setting aside a verdict and directing a new trial under these circumstances cannot be held to have been granted at the instance or with the consent of the accused. No fair-minded person can read the narrative of the events at the conclusion of the first trial without perceiving that the action of the court was not based upon the idea that the defendant had suffered injury at the hands of the jury which required redress, but was due to a strong feeling that their verdict was too lenient. However natural that feeling may have been, in view of the character of the homicide, there is no justification under our system of jurisprudence for carrying it into effect in the manner attempted here. In a criminal case it is only where the accused has brought about the destruction of the first verdict that he can again be put upon trial for the same offense. This defendant seasonably abandoned his attempt to destroy the verdict which has pronounced him guilty of murder in the second degree. A new trial could not lawfully be forced upon him after such abandonment.

There is no express statutory provision in this State for the plea of former jeopardy. The Code of Criminal Procedure provides as follows:

" There are three kinds of pleas to an indictment:

" 1. A plea of guilty.

" 2. A plea of not guilty.

" 3. A plea of a former judgment of conviction or acquittal of the crime charged, which may be pleaded either with or without the plea of not guilty.

"A conviction shall not be had upon a plea of guilty where the crime charged is or may be punishable by death." (Code Crim. Proc., § 332.)

A plea of *autrefois convict* under the third subdivision of this section would not have been strictly appropriate in the case at bar, as no judgment had been rendered on the first verdict. The guaranty against twofold jeopardy, however, being a constitutional right, any objection on the record which clearly raises that issue at the outset of the second trial is sufficient as a plea in bar. " The doctrine that a man once tried and convicted, or acquitted of a crime on a valid indictment by a court of competent jurisdiction, cannot be tried again for the same offense has its foundation in the principles of justice and is a very ancient doctrine of the common law. It is embodied in that provision of the Constitution of our State (article 1, section 6) which declares that ' no person shall be subject to be twice put in jeopardy for the same offense.' In the application of this constitutional principle, it is well settled that an acquittal or conviction by verdict of a jury, although not followed by judgment or sentence, is an acquittal or conviction which protects an accused person against another trial, provided there was a competent court and a lawful indictment, or, in case of conviction, so long as the judgment remains unreversed." (People v. Cignarale, 110 N. Y. 23, 30, 6 N. Y. Crim. 82.)

At common law a judgment was not necessary to support a plea of *autrefois convict*. This appears from the statement of Sir William Blackstone to the effect that the plea of a former conviction for the same identical crime is a good plea in bar, though no judgment was given, or perhaps ever will be, as when suspended by the benefit of clergy or some other cause. (4 Blackst. Com. 330.)

By the proceedings taken in behalf of the defendant on the second trial, now under review, we conclude that the plea of former jeopardy resulting in a still subsisting verdict of murder in the second degree, was available to the accused, was properly interposed and was supported by the proof, so that it must be deemed to have been established beyond question. In the words

of Chief Justice Cooley, speaking of an accused person invoking a like objection: " One trial and verdict must * * * protect him against any subsequent accusation of the same offense, whether the verdict be for or against him and *whether the courts are satisfied with the verdict or not."* (Cooley's Const. Lim. [7th ed.] 466.)

It follows that the judgment now appealed from, based upon the conviction of murder in the first degree, must be reversed, and that the case must be remitted to the Supreme Court in New York county with directions to proceed and pronounce judgment against the defendant upon the previous conviction of murder in the second degree.

CULLEN, Ch. J., GRAY, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment reversed, etc.