THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE HETENYI, Appellant, against W. CECIL JOHNSTON, as Director of Dannemora State Hospital, Respondent.

Third Department, March 18, 1960.

Robert P. Wylie for appellant.

Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley and Paxton Blair of counsel), for respondent.

REYNOLDS, J.    The relator was indicted for the crime of murder, first degree.    He was tried in Monroe County in January, 1950 and found guilty of murder, second degree.    This conviction was reversed on an appeal by the relator (277 App. Div. 310, affd. 301 N. Y. 757) and he was then retried in May, 1951 for murder, first degree in Monroe County.    On this second trial he was convicted of murder, first degree and sentenced to death, but on appeal this conviction was likewise reversed (304 N. Y. 80).    The relator was again tried for murder, first degree, this time in Onondaga County in March, 1953, having obtained a change of venue, and was convicted of murder, second degree, which conviction was upheld on appeal (282 App. Div. 1008). The relator based his application for a writ of habeas corpus on the ground of double jeopardy, asserting that he should not have been retried for murder, first degree after he had been found guilty of only second degree murder on his first trial.    The court below dismissed the writ of habeas corpus holding that it was the law of New York that this does not constitute double jeopardy.

The relator contends on this appeal that his second and third trials for murder, first degree violated the double jeopardy clause of the New York State Constitution and the due process clause of the Fourteenth Amendment of the United States Constitution.    He relies principally on the case of Green v. United States (355 U. S. 184) in which the Supreme Court in a five to four decision held that it was contrary to the double jeopardy clause of the Fifth Amendment of the United State Constitu-

tion to retry a defendant for murder in the first degree after he had been so tried once, convicted of murder in the second degree, and that conviction reversed on his appeal. That case involved a prosecution arising in a Federal court. The Supreme Court has held that the double jeopardy clause of the Fifth Amendment as such was not made applicable to the States under the due process clause of the Fourteenth Amendment (*Palko* v. *Connecticut*, 302 U. S. 319). More recently in *Hoag* v. *New Jersey* (356 U. S. 464) involving successive State prosecution for different offenses arising out of the same occurrence the court stated the question is one of " fundamental unfairness " (p. 467) and that due process depends on the facts and circumstances of each case. It would seem clear that procedure followed in the present case does not involve a violation of due process. The State has not attempted to " wear the accused out by a multitude of cases " (p. 467) for the relator himself appealed the convictions and obtained the new trials. There is not involved here a " fundamental unfairness " or " a hardship so acute and shocking that our polity will not endure it." (302 U. S. 319, 328.) In an early case involving a similar situation a State court was upheld by the Supreme Court (*Brantley* v. *Georgia*, 217 U. S. 284). The majority in the *Green* case did not overrule that decision but merely stated that it was not controlling there since it involved a trial in a State court. In *Brantley* both the jeopardy clause of the Fifth Amendment and due process under the Fourteenth had been raised. Thus the double jeopardy clause of the Fifth Amendment is not applicable to the States so that the *Green* case is not binding on the New York courts, and further the procedure followed here does not violate the due process clause of the Fourteenth Amendment.

This leaves the question whether the *Green* case, although not controlling, should be followed in New York inasmuch as it construes the double jeopardy clause of the United States Constitution similar to the one contained in the New York Constitution. The law of New York is firmly established that when a defendant procures a reversal of a conviction he may again be tried on the original indictment and for higher degrees of the crime than the jury originally found him guilty of (*People* v. *Palmer*, 109 N. Y. 413; *People* v. *McGrath*, 202 N. Y. 445). These decisions are buttressed by two provisions of the Code of Criminal Procedure which provide that: section 464—" The granting of a new trial places the parties in the same position as if no trial had been had" and section 544—" New Trial. When a new trial is ordered, it shall proceed in all respects as if no trial had been had."

This position was recently reaffirmed by the Court of Appeals in *People* v. *Ercole* (4 N Y 2d 617, 620) a case decided after the *Green* case. A majority of the other States are in agreement with the New York rule. Justice FRANKFURTER in his dissent in the *Green* case lists the States as being 19 to 17 on the question (cf. Ann. 61 A. L. R. 2d 1141, 1146). There has been no rush by those States to follow the *Green* case. New Jersey has adopted the rule and it appears it was the first time that an appellate court in New Jersey had considered the situation (*State* v. *Williams,* 30 N. J. 105) and Washington has changed its position in a five to four decision to coincide with *Green* (*State* v. *Schoel,* 341 P. 2d 481). Kentucky on the other hand has reaffirmed its position as contra to the *Green* case (*Blanton* v. *Commonwealth,* 320 S. W. 2d 626, 628).

It perhaps should be pointed out additionally that there is one factual distinction between *Green* and the present case. There on the second trial Green was convicted of first degree murder whereas here the relator was finally only convicted of second degree murder, of which he had never been acquitted.

One last point not raised by the briefs should be discussed which presents a further ground on which the dismissal of the writ must be affirmed. It does not appear that the relator at either his second or third trials raised the question of double jeopardy or entered such a plea. Section 332 of the Code of Criminal Procedure specifically provides that in addition to the pleas of guilty and not guilty there is a " plea of a former judgment of conviction or acquittal of the crime charged, which may be pleaded either with or without the plea of not guilty." Several early New York cases indicate that the plea of double jeopardy to be considered must be raised at the trial. In *People* v. *Cignarale* (110 N. Y. 23, 29) it was said: " It would be a complete answer to this claim, in point of law, that the defense of former acquittal must be pleaded, and that, in the absence of a plea setting it up, the question cannot be raised. This was the rule before the enactment of the Code of Criminal Procedure, and is recognized by that statute."

In *People* v. *McGrath* (202 N. Y. 445, 454, *supra*) the court said that double jeopardy being a constitutional right, " any objection on the record which clearly raises that issue at the outset of the second trial is sufficient as a plea in bar." This court recently held that the question of double jeopardy is waived where there is a plea of guilty to separate crimes (*People ex rel. Hornbeck* v. *Jackson,* 7 A D 2d 689). It further appears that it is the rule in the Federal courts that the defense of double jeopardy is a personal privilege which is waived if not

raised. In *Brady* v. *United States* (24 F. 2d 399) it was held that the waiver may be express or implied and that a waiver is implied where the accused pleads not guilty and proceeds to trial (recently cited with approval in *Harris* v. *United States* [237 F. 2d 274] and *United States* v. *Hoyland* [264 F. 2d 346]).

In sum, therefore, even if defendant has not waived his right to the defense of double jeopardy, which it would seem he has, under the law of New York as applied to the factual situation herein, relator's claims of double jeopardy and violation of due process are without merit, and the dismissal of the writ of habeas corpus by the court below should be affirmed.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

The court commends Robert P. Wylie, Esq., who, as assigned counsel, prosecuted the appeal with competence.

Order affirmed, without costs.