Scileppi, J. (concurring in part, dissenting in part).
I agree with the majority that a new trial must be had because of the admission into evidence of the statement which was made by the defendant at the police station, after the law firm which represented the defendant had contacted the police. However, I believe that the double jeopardy provisions of the Federal and State Constitutions do not prohibit the defendant from being retried for a crime higher than manslaughter in the first degree.
Without retracing the majority’s steps, I observe that sections 464 and 544 of the Code of Criminal Procedure have steadily and consistently been interpreted as late as last June in Matter of Fiorillo v. Farrell (16 N Y 2d 678)—a unanimous decision of this court—to permit the retrial of a defendant for the greater degree of a crime, after he had been convicted of a lesser degree of the crime charged in the indictment and has secured a new trial following an appeal. Perhaps the most succinct statement of the long-established rule is to be found in People v. Ercole (4 N Y 2d 671, 620-621, decided 7 months after Green v. United States, 355 U. S. 184):
“It is well-settled law in this State that when a defendant procures a reversal of his conviction and sentence for legal error at trial, he may not plead the former proceedings in bar to a second trial for the same offense. Upon reversal, the defendant is deemed to be in precisely the same position as though there had been no trial (People ex rel. Sloane v. Lawes, 255 N. Y. 112,117; People v. McGrath, 202 N. Y. 445, 451; People v. Palmer, 109 N. Y, 413, 418-419). As this court stated in
*183 the Palmer case: ‘ * * * [i]f reversal of the judgment of conviction follows, that judgment, as well as the record of the former trial, have been annulled and expunged by the judgment of the appellate court, and they are as though they never had been; while the indictment is left to stand as to the crime, of which the prisoner had been charged and convicted, as though there had been no trial’ (pp. 419-420; emphasis added). So thoroughly does a reversal operate to vitiate the former proceedings that the defendant may be tried upon a superseding indictment which contains a count not included in the first indictment (People v. Cocco, 3 N Y 2d 716), and he may be retried upon the original indictment even as to those higher degrees of crime of which he had been acquitted by the jury at the first trial (People v. McGrath, supra; People v. Palmer, supra; People v. Caccamise, 187 Misc. 795, 706). More particularly apropos of the case at bar, new trials have been ordered following reversals of convictions based on indictments illegally amended during the course of trial. (See People v. Bromwich, 200 N. Y. 385, affg. 135 App. Div. 67; People v. Geyer, 196 N. Y. 364; People v. Poucher, 30 Hun 576, appeal dismissed 99 N. Y. 610.) The ground upon which the reversal is placed is not material (15 Am. Jur., Criminal Law, § 427, p. 91).”
* * *
‘ ‘ An appeal in a criminal case is a matter of statutory favor (People ex rel. Commissioners of Public Charities d Correction v. Cullen, 151 N. Y. 54, 56; People v. Trezza, 128 N. Y. 529, 532). When a defendant accepts it for the purpose of vacating his conviction, he is deemed to ask for a just re-examination of the question of his guilt (People v. Palmer, supra, pp. 418-420).”
Since the majority does not purport to suddenly “ discover ” a new interpretation of the relevant statutes, and since Fiorillo was decided on June 10,1965, after Malloy v. Hogan (378 U. S. 1 [June 15, 1964]), after Murphy v. Waterfront Comm. (378 U. S. 52 [June 15, 1964]) and after Pointer v. Texas (380 U. S. 400 [April 5, 1965]), I conclude that the only relevant event occurring between our decision in Fiorillo and the case at bar is the decision in United States ex rel. Hetenyi v. Wilkins (348 F. 2d 844 [July 13, 1965]).
Since the decisions of the Second Circuit are not binding on this court, I, for one, would not erase the legislatively established *184 wishes of the People of this State, manifested not only in sections 464 and 544 of the Code of Criminal Procedure, but also in their long acceptance of our interpretation of these statutes. Moreover, the decision in Hetenyi is contrary to decisions of the Supreme Court of the United States wherein it was held that the double jeopardy provision of the Fifth Amendment was not applicable against the States, and that, having secured a reversal of a lesser grade of a crime, a defendant could properly be tried and convicted of the higher grade (e.g., Brantley v. Georgia, 217 U. S. 284; Palko v. Connecticut, 302 U. S. 319). Brantley involved a defendant who had been convicted of manslaughter, secured a reversal, and was convicted of murder. Addressing itself to the contention that Brantley’s rights under the Fifth Amendment to the United States Constitution had been violated, the Supreme Court said: " The contention is absolutely without merit. It is not a case of twice in jeopardy under any view of the Constitution of the United States ” (217 U. S., p. 285). Palko, a stronger case for the defendant, upheld as constitutionally valid the conviction of a defendant for first degree murder after his conviction for second degree murder had been reversed on an appeal by the People. In Green v. United States (355 U. S. 184), relied upon by the Second Circuit in Iletenyi, the court took great pains to announce that Palho and Brantley were not controlling on the double jeopardy question “since they involved trials in state courts” (355 U. S., pp. 194-195, n. 15). Recapitulating, I do not believe that we are bound by the Second Circuit’s decision in this matter, especially when there are binding Federal Supreme Court cases directly to the contrary.
The majority must be relying upon Malloy v. Hogan (378 U. S. 1 [treating only the self-incrimination clause of the Fifth Amendment*]), Murphy v. Waterfront Comm. (378 U. S. 52 *185 [treating a refinement of the self-incrimination clause — immunity legislation]), and Pointer v. Texas (380 U. S. 400 [treating with the Sixth Amendment’s right of confrontation]) for the proposition that those provisions of the Bill of Bights which are fundamental are incorporated into the Fourteenth Amendment and are thus applicable against the States. If this be the rationale, I disagree with the determination that the situation before the court is a violation of fundamental fairness — a violation which this entire court was unwilling to find just 9 months ago when we decided Fiorillo. In addition on this point, when Green was decided, 19 out of 36 States which had occasion to pass on the question shared our view (Green v. United States, 355 U. S. 184, 216, n. 4, Frankfurter, J., dissenting; see, also, 61 ALR 2d 1141).
With respect to the requirements of the State Constitution, I do not perceive what " natural development in the quality of justice now accorded to the accused in this State ” has prompted a complete departure — in only 9 months — from our ruling in Matter of Fiorillo v. Farrell (supra). If the changing conditions are such that it is desirable to effect this radical change in the law, I submit that it is not for this court but for the Legislature to do so.
I vote to grant a new trial and to exclude the statement given to the Chief of Detectives after the law firm had communicated with the police. However, I would permit the defendant to be retried for the higher degree of the crime.
Chief Judge Desmond and Judges Fuld and Bergan concur with Judge Van Voorhis; Judge Burke concurs in the result in a separate memorandum in which Judge Keating concurs; Judge Scileppi dissents in part in a separate memorandum.
Order affirmed.

 Said amendment provides as follows: “No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in eases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation!”