STATE OF NORTH CAROLINA v. JAMES WEAVER CASE, JR.

(Filed 19 October, 1966.)

**1. Habeas Corpus § 4;   Criminal Law § 149—**
    The denial of *certiorari* in a *habeas corpus* proceeding imports no expression of opinion upon the merits.

**2. Criminal Law §§ 26, 122, 173;   Habeas Corpus § 2—   Plea of former jeopardy is valid upon second trial ordered over defendant's objection.**
    Where defendant files a petition in *habeas corpus* attacking the validity of the indictments under which he had been convicted (even though on feckless grounds) and does not seek to set aside the verdict or allege facts pertinent to the granting of a new trial, the court is without authority to force a new trial upon him over his objection, and upon appeal from denial of defendant's plea of former jeopardy, the cause will be remanded with instructions to reinstate the prior sentence to the end that defendant may complete the unexpired portion of it, Constitution of North Carolina Art. I, § 17.

**3. Criminal Law § 151—**
    The record imports verity and the Supreme Court is bound thereby.

APPEAL by defendant from *Falls, J.,* February 7, 1966 Session of BUNCOMBE.

At the February 1965 Session, in cases numbered 65-99, 65-100, and 65-100A, defendant was indicted in three separate bills, each

charging him with forging and uttering a specific check. When these cases were called for trial at the April 1965 Session before Campbell, J., defendant, through his court-appointed counsel, Melvin K. Elias, entered a plea of guilty to the charges contained in each indictment. The cases were consolidated for judgment and defendant was sentenced to a term of 18-24 months in the State's Prison. Thereafter, without advising Mr. Elias of his intentions, defendant, *in propria persona,* filed a paper writing which he labeled "Petition for Issuance of Writ of Review in Forma Pauperis Under N. C. General Statutes 15-217 through 15-222." This petition was mainly a collection of the assorted phrases which have become a part of prison vernacular — and which the inmates hope will have the magical effect of open sesame — but it also contained an allegation that defendant first saw his attorney, Mr. Elias, at the time his case was called for trial. Defendant's prayer for relief was that he be given an opportunity to prove that "his trial was both unfair and unconstitutional." He did not specifically request either that he be granted a new trial or that he be released from imprisonment.

On September 27, 1965, Martin, J., "after considering said petition and the record in this case," found that defendant's plea of guilty was voluntarily made with full knowledge of its possible consequences, and dismissed his petition. Defendant was not present and was not represented by counsel at the time the judge considered and dismissed his petition. Almost immediately thereafter, defendant wrote out a "Petition for Writ of Habeas Corpus" in which he alleged that the indictments upon which he had been tried were illegal because they (1) were not numbered, (2) failed to cite the section number of the statute he was alleged to have violated, and (3) failed to allege "any facts or circumstances concerning any statutes of law." His prayer for relief was that he be released from "illegal imprisonment." This petition also came on to be heard before Judge Martin, who reappointed Mr. Elias to represent defendant. Judge Martin treated the second petition as also having been filed under G.S. 15-217 *et seq.* On October 29, 1965, Judge Martin vacated the judgment that defendant be imprisoned for 18-24 months and ordered a new trial in each of the three cases upon the ground that defendant had not had the timely assistance of counsel at the preliminary hearing before the magistrate — an averment not contained in the petition for *habeas corpus.* Within the time permitted by G.S. 15-222, defendant, again *in propria persona,* petitioned this Court for *certiorari* to review the order of October 29, 1965. He alleged that the judge erred (1) in not ordering his release upon the grounds set out in the petition and (2) in ordering a new trial when he

sought only his discharge from imprisonment. On November 9, 1965, we denied *certiorari.*

On February 8, 1966, the solicitor put defendant on trial again in Case No. 65-100. Before the jury was impaneled, defendant objected to a retrial on the ground (1) that he had never requested a retrial but, on the contrary, had objected to the order directing a new trial and had attempted to appeal from it; and (2) that a retrial would violate his constitutional right not to be twice put in jeopardy for the same offense. He entered a formal plea of former jeopardy, which the court overruled. Defendant excepted, and the trial proceeded upon his plea of not guilty. The State offered evidence; defendant offered none. The verdict was guilty of uttering a forged instrument and not guilty of forgery. From the judgment that he be confined in the State's Prison for not less than three nor more than five years, defendant appeals.

*T. W. Bruton, Attorney General, Ralph Moody, Deputy Attorney General, and Andrew A. Vanore, Jr., Staff Attorney, for the State... Melvin K. Elias for defendant appellant.*

SHARP, J.   When, in either a post-conviction hearing or a *habeas corpus* proceeding, *at the prisoner's request,* the court vacates a judgment against him and directs a new trial, the prisoner waives his constitutional protection against double jeopardy, and he may be tried anew on the same indictment for the same offense. In such case, a plea of former jeopardy will avail him nothing. *State v. Hollars,* 266 N.C. 45, 145 S.E. 2d 309; *State v. Gainey,* 265 N.C. 437, 144 S.E. 2d 249; *State v. Merritt,* 264 N.C. 716, 142 S.E. 2d 687; *State v. White,* 262 N.C. 52, 136 S.E. 2d 205. In this case, however, the new trial was not granted at defendant's request; on the contrary, it was ordered and conducted over his protest. It is quite clear that in his second petition defendant based his claim to relief upon the ground that the indictments upon which he had been tried were fatally defective and that the judgment against him was void because the court lacked jurisdiction. This time he made no attack upon the constitutionality of his trial, or — if he did — the record does not disclose it, and there was no amendment to the petition. In other words, here defendant sought to use the writ of *habeas corpus* for the purpose for which it was originally designed. 25 Am. Jur., *Habeas Corpus* § 2 (1940). No doubt defendant had concluded that a new trial in each case — as subsequent events proved — would be a Pyrrhic victory. *State v. Gainey, supra; State v. White, supra.* In the three cases in which defendant had received one sentence of only

18-24 months, he was charged with six felonies for which the law would permit a total maximum punishment of sixty years.

In his brief, counsel for defendant states that at his trial before Judge Campbell in 1965, defendant "had ample time to confer and did confer with his counsel." If, however, we assume the truth of defendant's allegations in his first petition, the only relief to which defendant was entitled under the facts averred was a new trial. Upon the allegations contained in the second petition, defendant was entitled to no relief whatever. Yet, after having dismissed the first petition, thirty days later — upon the second petition — the court vacated the sentence and ordered a new trial, which defendant had not requested. When this occurred, defendant, without the assistance of his counsel, filed with us a handprinted, artlessly drawn petition for *certiorari* in which he asked us to reverse this order. His petition featured his fatuous contentions that he was entitled to immediate release. In consequence, we inadvertently overlooked his second contention that the court had erred in ordering a new trial over his protest. However, as Mr. Justice Frankfurter said in *Daniels v. Allen,* 344 U.S. 443, 491-493, 73 Sup. Ct. 437, 439, 97 L. Ed. 469, 507-508:

> "The denial of a writ of *certiorari* imports no expression of opinion upon the merits of the case. . . . These petitions for *certiorari (habeas corpus* proceedings) are rarely drawn by lawyers; some are almost unintelligible and certainly do not present a clear statement of issues necessary for our understanding, in view of the pressure of the Court's work."

Without doubt, it was our denial of *certiorari* that caused Judge Falls to overrule defendant's plea of double jeopardy.

Had defendant secured a new trial upon his first petition, he would have voluntarily placed himself again in jeopardy and thereby would have waived the constitutional guaranty against double jeopardy. An accused, however, will be protected from a subsequent prosecution for the same offense where a valid judgment is set aside by the court on its own motion or upon application of the prosecuting attorney — unless, of course, the accused acquiesces in the action. *People ex rel Ostwald v. Craver,* 272 App. Div. 181, 70 N.Y.S. 2d 513; *State v. Oglesby,* 164 La. 329, 113 So. 865; *People v. Mc-Grath,* 202 N.Y. 445, 96 N.E. 92; 22 C.J.S., Criminal Law § 271 (1961).

In *People v. McGrath, supra,* the defendant, charged with murder in the first degree, was convicted of murder in the second degree. Immediately upon making a motion to set aside the verdict on the ground that it was against the weight of the evidence, counsel

for defendant attempted to withdraw the motion before the judge ruled upon it. The judge, being of the opinion that defendant should have been convicted of murder in the first degree, refused to permit counsel to withdraw the motion and allowed it instead. Defendant excepted. When the case came on for trial a second time, defendant entered a plea of *autrefois convict.* The plea was overruled. Defendant was convicted of murder in the first degree and judgment of death pronounced. Upon appeal, the Court of Appeals of New York held the second trial invalid, vacated the death sentence, and remanded the case to the Supreme Court of New York County with directions "to proceed and pronounce judgment against the defendant upon the previous conviction of murder in the second degree." In doing so, the court said:

> "In a criminal case, it is only where the accused has brought about the destruction of the first verdict that he can again be put upon trial for the same offense. This defendant seasonably abandoned his attempt to destroy the verdict which has pronounced him guilty of murder in the second degree. A new trial could not lawfully be forced upon him after such abandonment." *Id.* 202 N.Y. at 455, 96 N.E. at 95.

As the record in this case comes to us, it seems that defendant had a new trial forced upon him. In the petition for *habeas corpus* upon which Judge Martin acted, defendant sought only his release; he alleged no grounds for a new trial. If not entitled to the relief sought, he wanted no other, for he had no intention of risking a longer sentence in a new trial. Under these circumstances, Judge Martin had no authority to vacate the 1965 sentence and to order a new trial, and his order purporting to do so is void.

The second trial, therefore, violated defendant's constitutional guaranty against being twice put in jeopardy for the same offense and was a nullity. N. C. Const., Art I, § 17; *State v. Birckhead,* 256 N.C. 494, 124 S.E. 2d 838; *State v. Crocker,* 239 N.C. 446, 80 S.E. 2d 243. His plea of former jeopardy should have been allowed. The judgment of 3-5 years pronounced at the February 1966 Session in Case No. 65-100 is vacated, and this case is remanded to the Superior Court of Buncombe County with instructions to reinstate the sentence of 18-24 months imposed at the April 1965 Session in cases numbered 65-99, 65-100, and 65-100A to the end that defendant may complete the unserved portion of it. The records of the Prison Department disclose that at the time Judge Martin purported to vacate defendant's 18-24 months' sentence he had served only five months and fifteen days of it.

It was suggested upon the oral argument that defendant did, in

fact, request Judge Martin to order a new trial after he had denied defendant's petition for his immediate release. The record, however, does not bear this out. It imports verity and we are bound by it. 1 Strong, N. C. Index, Appeal and Error § 35 (1957). In any event, however, this case demonstrates the necessity that, in all post-conviction hearings, the record clearly show defendant's consent to the order awarding him a new trial. If he asks for a new trial in his petition or alleges facts which, if true, would entitle him to nothing else, he gives consent, which continues unless the court permits him to withdraw the petition. G.S. 15-220. If, during the hearing upon the petition, defendant should assign grounds for relief which he had not alleged, and these grounds are considered, the petition should be amended to show that they were. G.S. 15-218. In no other way can the integrity of post conviction hearings and the trials which they challenge be maintained.

Reversed and remanded.