HARRY WILLIAMS, PETITIONER v. STATE OF NORTH CAROLINA,
RESPONDENT

No. 68SC430

(Filed 11 December 1968)

1. Criminal Law §§ 129, 144, 181— power of Superior Court to review final criminal judgment

   When the judgment in a criminal case becomes final, the Superior Court thereafter lacks jurisdiction to review the judgment in that case except upon a petition from defendant himself invoking the jurisdiction of the court, either by way of habeas corpus or under the post-conviction review statute, G.S. 15-217 *et seq.*

2. Criminal Law §§ 129, 144, 181— jurisdiction of Superior Court to review final criminal judgment

   The Superior Court may not of its own motion or upon motion of the State acquire jurisdiction to review a final judgment in a criminal case absent the consent and over the protest of the defendant.

**3. Criminal Law § 181— post-conviction review — consent of petitioner to new trial**

Before a new trial may be granted as a result of a post-conviction review of a criminal case, the record must clearly show defendant's consent to be tried again.

**4. Criminal Law § 181— post-conviction review — consent to new trial by facts alleged**

Where a petitioner for post-conviction review under G.S. 15-217 *et seq.* alleges facts which, if true, entitle him to nothing else but a new trial, he thereby gives consent to be tried again, which consent continues unless the court permits him to withdraw the petition.

**5. Criminal Law § 181— post-conviction review — consent to new trial by facts alleged**

Where a petition for a post-conviction review of a felonious escape conviction alleges that petitioner's constitutional rights were violated in that he was not represented by counsel at his escape trial and was not advised of his right to counsel, the Superior Court may properly vacate the judgment in the escape case and order a new trial notwithstanding the petition requested no specific relief, the only relief to which petitioner is entitled under the facts alleged being a new trial.

**6. Criminal Law § 181— post-conviction review — error affecting two convictions in consolidated trial — only one conviction attacked**

Where a defendant convicted in a consolidated trial of felonious escape and armed robbery files a petition under G.S. 15-217 *et seq.* seeking post-conviction review only of the escape conviction on the ground that he was neither represented by counsel at his trial nor advised of his right to counsel, and the solicitor stipulates that petitioner's constitutional rights were violated in the respect alleged at his consolidated trial for felonious escape and armed robbery, the Superior Court acquires no jurisdiction thereby to order the judgment in the armed robbery case vacated or to direct that petitioner be retried on the original indictment for armed robbery over his protest.

ON *certiorari* from *Morris, J.,* at the May 1968 Session of NASH Superior Court.

At the November 1960 Term of Nash Superior Court petitioner was indicted in two separate bills of indictment, one charging him with felonious escape and the other with armed robbery. On motion of the solicitor the two cases were consolidated for trial. In each case defendant pleaded not guilty, was found guilty as charged, and received active sentences to be served consecutively.

In February 1968 petitioner filed a petition under G.S. 15-217 *et seq.* seeking post-conviction review of the judgment in the escape case. Petitioner alleged that his constitutional rights had been violated at his 1960 trial in that case in that he had neither been rep-

resented by counsel nor advised of the right ,to have counsel appointed. In response to this petition the solicitor stipulated that defendant had not been represented by counsel and had not been advised of his right to counsel at the time of the trial of the escape and the armed robbery cases and that thereby petitioner's constitutional rights had been violated. Acting upon petitioner's petition for post-conviction review of the escape case, the judge of superior court entered an order finding the foregoing facts and concluding as a matter of law that the trials in both the escape and the armed robbery cases were nullities and that since the two cases had been consolidated for trial, the judgments and verdicts in both must be set aside. In accordance with this conclusion the judge entered judgment vacating and setting aside the verdict and judgment in both the escape and the armed robbery cases and directing that the State retry the petitioner on the original bills of indictment in both cases. Petitioner filed petition for *writ* of *certiorari* to review this judgment, which was granted.

*Attorney General T. W. Bruton and Staff Attorney Dale Shepherd for the State.*

*Fields, Cooper & Henderson, by Leon Henderson, Jr., for petitioner.*

PARKER, J.

[1; 2]   The petition for post-conviction review here under consideration referred only to the trial and judgment in the felonious escape case. No mention whatsoever was made therein of the armed robbery case. The judgment in the latter case having become final, the superior court thereafter lacked jurisdiction to review the judgment in that case except upon a petition from the defendant himself invoking the jurisdiction of the court, either by way of *habeas corpus* or under the post-conviction review statute, G.S. 15-217 *et seq.* The court could not on its own motion or upon motion of the State acquire jurisdiction to review a final judgment in a criminal case absent the consent and over the protest of the defendant. The escape and the armed robbery cases were entirely separate cases. The fact that they were consolidated for convenience of trial did not make them one case.

[3-6]   Before a new trial may be ordered as a result of post-conviction review of a criminal case, the record must clearly show defendant's consent to be tried again. *State v. Case,* 268 N.C. 330, 150 S.E. 2d 509. Here, petitioner's petition for post-conviction review

of his trial for felonious escape did not request any specific relief even in that case. On the facts alleged in his petition, however, the only relief to which he would be entitled would be a new trial in that case. Where a petitioner for post-conviction review under G.S. 15-217 *et seq.* alleges facts which, if true, entitle him to nothing else but a new trial, he thereby gives consent to be tried again, which consent continues unless the court permits him to withdraw the petition. *State v. Case, supra.* Accordingly, that part of the judgment here reviewed which vacated the verdict and judgment and directed a new trial in the escape case was correct. However, for reasons above stated the court lacked jurisdiction to order the judgment in the armed robbery case vacated or to direct the petitioner to be retried on the original indictment therein over his protest.

Accordingly, this cause is remanded to the Superior Court of Nash County for compliance by the solicitor with that portion of the judgment entered by Morris, J., which directs that the State re-try petitioner defendant on the original bill of indictment in Case No. 8978, which charged defendant with the criminal offense of felonious escape. So much of the judgment of Morris, J. as vacates and sets aside the verdict and judgment and orders a new trial in Case No. 8979, in which petitioner defendant was convicted and sentenced for armed robbery, is vacated and in that case this cause is remanded to the Superior Court of Nash County with direction that petitioner be remanded to the custody of the North Carolina Department of Correction for service of the sentence imposed upon petitioner defendant at the November 1960 Term of Nash Superior Court in said Case No. 8979.

Error and remanded.

BROCK and BRITT, JJ., concur.