STATE OF CONNECTICUT *v.* WILLIAM P.*

SUPERIOR COURT

CLARK, J. The issue before the court is whether the defendant's motion to dismiss the information should

*Thus entitled in accordance with the spirit and intent of General Statutes § 54-142a.

be granted on the ground that the previous prosecution of the defendant bars the present prosecution.

In the summer of 1989, the defendant was issued a misdemeanor summons for allegedly speeding in violation of General Statutes § 14-219 (c). Seven weeks later, a hearing was held before a magistrate. The magistrate found the defendant not guilty. Three days after the defendant was found not guilty, the state demanded a trial de novo pursuant to General Statutes § 51-193u (d). The defendant moved to dismiss the information pursuant to Practice Book § 815 (6).

Practice Book § 815 (6) provides: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the indictment or information . . . [a] [p]revious prosecution barring the present prosecution . . . ."

General Statutes § 51-193u provides in part: "Hearing of motor vehicle violations and infractions by magistrate. Authority of magistrate decision. Demand for trial de novo. (a) Cases involving motor vehicle violations, excluding alleged violations of sections 14-215, 14-222, 14-222a, 14-224 and 14-227a and any other violation involving a possible term of imprisonment, which are scheduled for the entering of a plea may be handled by a magistrate. . . .

"(d) A decision of the magistrate, including any penalty imposed, shall become a judgment of the court if no demand for a trial de novo is filed. Such decision of the magistrate shall become null and void if a timely demand for a trial de novo is filed. A demand for a trial de novo shall be filed with the court clerk within five days of the date the decision was rendered by the magistrate and, if filed by the prosecutorial official, it shall include a certification that a copy thereof has been

served on the defendant or his attorney, in accordance with the rules of court.''

The defendant argues in his memorandum that a trial de novo after an acquittal by the magistrate in proceedings authorized by § 51-193u constitutes double jeopardy. The double jeopardy clause of the fifth amendment of the federal constitution provides that no person shall ''be subject for the same offense to be twice put in jeopardy of life or limb.'' *Justices of Boston Municipal Court* v. *Lydon,* 466 U.S. 294, 306, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984). The fifth amendment to the federal constitution involving double jeopardy applies to the states under the fourteenth amendment if the double jeopardy amounts to a denial of due process. *Palko* v. *Connecticut,* 302 U.S. 319, 322, 58 S. Ct. 149, 82 L. Ed. 288 (1937); *Brantley* v. *Georgia,* 217 U.S. 284, 285, 30 S. Ct. 514, 54 L. Ed. 768 (1910). Although the constitution of Connecticut has never contained a provision against double jeopardy such as that found in the United States constitution, the Connecticut Supreme Court has long recognized, as a fundamental principle of common law under article first, §§ 8 and 9 of the constitution of Connecticut, that due process requires that no one shall be put in jeopardy more than once for the same offense. *State* v. *Langley,* 156 Conn. 598, 600, 244 A.2d 366 (1968), cert. denied, 393 U.S. 1069, 89 S. Ct. 726, 21 L. Ed. 2d 712 (1969); *Kohlfuss* v. *Warden,* 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235 (1962); *State* v. *Benham,* 7 Conn. 414, 420 (1829); *State* v. *Blackwell,* 20 Conn. App. 193, 195, 565 A.2d 549 (1989).

In *Breed* v. *Jones,* 421 U.S. 519, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975), the United States Supreme Court considered whether the principles of double jeopardy foreclosed the prosecution of a juvenile as an adult in the Superior Court after the juvenile had been subjected

to an adjudicatory hearing in the juvenile court. The juvenile court found the allegations against the defendant to be true. Id., 521–22. Subsequently, the juvenile court determined that the juvenile defendant was not amenable to the care available through the facilities of the juvenile court, so the proceedings were transferred to the Superior Court where the defendant was found guilty of the charges against him. Id., 523–25. The defendant argued that the Superior Court proceedings placed him in double jeopardy. Id., 526.

The United States Supreme Court observed that the risk to which the term "jeopardy" refers is that traditionally associated with " 'actions intended to authorize criminal punishment to vindicate public justice.' " Id., 529, quoting *United States ex rel. Marcus* v. *Hess*, 317 U.S. 537, 548–49, 63 S. Ct. 379, 87 L. Ed. 443 (1943). The court found that the object of the proceedings in the juvenile court was to determine whether the defendant had violated the law, and thus in terms of potential consequences there was little to distinguish the adjudicatory hearing from a traditional criminal prosecution. Id., 530. Both proceedings subjected the defendant to the type of risk to which the term jeopardy refers and, therefore, jeopardy attached at the adjudicatory hearing when the juvenile court, as the trier of fact, began to hear the evidence. Id., 531. The court held that the prosecution of the defendant in the Superior Court, subsequent to an adjudicatory proceeding in juvenile court, violated the double jeopardy clause of the federal constitution. Id., 541.

The state argues in its memorandum that jeopardy should not attach to a hearing before a magistrate because a hearing is less formal than a trial before a court or jury. Under the reasoning of *Breed,* this argument fails. The object of a hearing authorized by § 51-193u (d) is to determine whether the defendant has violated the law. Thus, in terms of potential conse-

quences, there is little to distinguish the hearing before the magistrate from a traditional criminal prosecution. Both proceedings subject the defendant to the type of risk to which the term jeopardy refers. Jeopardy attached at the hearing, therefore, when the magistrate began to hear the evidence.

*Swisher* v. *Brady,* 438 U.S. 204, 98 S. Ct. 2699, 57 L. Ed. 2d 705 (1978), supports the argument that jeopardy should attach at a hearing before a magistrate. In *Swisher,* the United States Supreme Court considered a class action claim on double jeopardy grounds that sought to prevent the state of Maryland from filing exceptions with the state juvenile court to proposed nondelinquency findings made by masters of that court. The governing rule of procedure provided that masters would make proposed findings, conclusions and recommendations. Id., 210. These findings were then submitted to the juvenile court judge who was empowered to accept, reject or modify the master's proposals. Id., 211. The judge could act on the state's exceptions only on the basis of the record made before the master, except that the judge could receive new evidence to which the parties did not object. Id.

The state argued that jeopardy did not attach at the hearing before the master. Id., 215 n.12. Although the court decided that it was not essential to the case to fix the precise time when jeopardy attached, the court stated that its decision in *Breed* suggested that jeopardy would attach at a hearing before a master since *Breed* involved the use of a referee or master. Id.

The United States Supreme Court distinguished *Breed,* which involved two separate proceedings, by finding that the Maryland scheme provided only one proceeding that began with a master's hearing and culminated with an adjudication by a judge. Id., 215. The court noted that "[a] central purpose 'of the prohibi-

tion against successive trials' is to bar 'the prosecution [from] another opportunity to supply evidence which it failed to muster in the first proceeding.' " Id., 215–16. The court further found that the proceeding at issue did not provide the prosecution that forbidden "second crack" because the state presented its evidence only once before the master, at which time the record was closed. Id., 216. The juvenile court could receive new evidence only with the consent of the minor. Id.

The Connecticut scheme operates as two separate proceedings. The statute, by providing that the state may file for a trial de novo, provides the prosecution that forbidden "second crack"; that is, the opportunity to supply evidence that it failed to muster in the first proceeding.

The United States Supreme Court, in *Justices of Boston Municipal Court* v. *Lydon,* supra, stated that reprosecution after an acquittal is foreclosed by the double jeopardy clause. In that case, the court considered the Massachusetts two-tier criminal system, a system similar to the right of a defendant to obtain a jury trial as a de novo trial in the court of common pleas after a conviction before a municipal court, which was the law in this state prior to the organization of the circuit court on January 1, 1961. The system permitted the defendant to have a court trial in the first instance and, if he was dissatisfied with the results, he had an absolute right to a trial de novo with no need to allege that there was error at the first trial. Id., 297. The defendant in *Lydon* claimed, inter alia, that by upholding the two-tier system at issue in that case, the court was "creat[ing] an incentive for a prosecutor to hold back and learn the defendant's case in the first trial, in order to hone his presentation in the second . . . ." Id., 311. The United States Supreme Court found this argument unpersuasive, stating, "[t]he prosecution has every incentive to put forward its strongest case at the

bench trial, because *an acquittal will preclude reprosecution of the defendant.*" (Emphasis added.) Id. The court emphasized, " '[n]othing in the Double Jeopardy Clause prohibits a State from affording a defendant two opportunities to avoid conviction and secure an acquittal.' " Id., 312, quoting *Ludwig* v. *Massachusetts,* 427 U.S. 618, 632, 96 S. Ct. 2781, 49 L. Ed. 2d 732 (1976). Nevertheless, "[i]f he is acquitted at the first trial, he cannot be retried." Id.

Section 51-193u (d) violates the double jeopardy clause by providing that the state may move for a trial de novo after an acquittal by the magistrate. The defendant's motion to dismiss the information is therefore granted.